1  JAMES A. McDEVITT
2  United States Attorney
3  TIMOTHY M. DURKIN
4  Assistant United States Attorney
5  P.O. Box 1494
6  Spokane, WA 99210-1494
7  Telephone: (509) 353-2767
8
9                    IN THE UNITED STATES DISTRICT COURT
10                 FOR THE EASTERN DISTRICT OF WASHINGTON
11
12  SHERRY ANDREWS, Personal           )
    Representative for the Estate of    )   **NO. CV-07-361-FVS**
13  MISTY FORD; A.F, beneficiary of the )
14  estate and individually; N.F,       )
15  beneficiary of the estate and       )   **STIPULATED**
16  individually; and ETHEL FORD,       )   **PROTECTIVE ORDER RE:**
17  individually,                       )   **CONFIDENTIAL PERSONAL &**
                                        )   **PRIVACY ACT INFORMATION**
18                                      )
19                Plaintiffs,           )
20                                      )
21       vs.                            )
22                                      )
    THE UNITED STATES OF                )
23  AMERICA; Correctional Officer       )
24  CLIFFORD MATHERLY, an               )
25  individual; Correctional Officer    )
    CLARICE MATHERLY, an                )
26  individual; KATHERINE WHIPPLE,      )
27  M.D., an individual; and DOES 1-10; )
28                                      )
29                Defendants.           )
30                                      )
31  _____    )
32
33       Based on the stipulation of the parties by and through their respective counsel,
    the following Protective Order will apply to, but not necessarily limited to, all
34  Defendant personnel, supervisor, and investigative files:

STIPULATED PROTECTIVE ORDER - 1

1

2          1.      This Stipulated Protective Order ("Protective Order") shall be govern
the treatment and handling of all personnel documents which are hereby designated
3
as confidential, including, but not limited to, the personnel, supervisor and
4
investigative files of the Bureau of Indian Affairs, Department of Interior, and
5
Department of Health and Human Services, as they relate to the allegations
6
contained in Plaintiffs' Complaint.
7

8          2.      Defendant United States and the individually named Defendant
9   employees may designate additional documents as "confidential" and thus subject
those records to the terms of this Protective Order by fixing a notation to such
10
documents, materials or information, or by other appropriate written notice to
11
plaintiff's attorney.  Defendants may designate **"CONFIDENTIAL:  SUBJECT**
12
**TO PROTECTIVE ORDER"** the above referenced personnel and supervisor files
13
and any other personnel documents, materials or information that they believe
14
contain confidential information.
15

16         3.      Testimony taken in deposition in this case similarly may be designated
17  as confidential and made subject to the terms of this Order at the time of the record.

18
           4.      Either party may move the court for determination of confidentiality if
19
the parties are unable to resolve a dispute regarding defendants' determination of
20
confidentiality.  No disclosure shall be made of any information designated as
21
confidential except as provided herein until such time as the matter is resolved by
22
the court.
23

24         5.      Documents, materials, or information designated confidential pursuant
25  to this Protective Order shall not be disclosed or disseminated by plaintiff or
plaintiff's attorneys William C. Maxey and Mark Harris, or to any other person or
26
entity, with the following exception:
27

28              a.      Use of such confidential documents, materials, or information
29      for trial preparation by paralegal or secretarial staff of plaintiff's attorney is
30      allowed by this Protective Order, subject to all conditions of this Protective
31      Order which govern plaintiff's attorney's use of such confidential
32      information;
33

34

STIPULATED PROTECTIVE ORDER - 2

N:\TDurkin\CIVIL - Active & ACE\FORD (Andrews) v. USA\Pleadings CV-07-361-FVS\Protective Order Re Personnel Files-092408.doc

b.      Documents, materials or information designated by defendant as confidential may be provided to expert witnesses, or consultants by plaintiff's attorney provided such expert witness or consultants, before being allowed to see any confidential documents, materials, or information, in writing acknowledge receipt of a copy of this Protective Order and agree to be bound by the terms of this Protective Order.  The prohibition of this paragraph shall apply in all circumstances, including, but not limited to, deposition in this case.

6.      All summaries and exhibits prepared from confidential information shall be stamped **"CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER"** by counsel causing them to be prepared.

7.      All persons having access to confidential information made available pursuant to this agreement shall agree not to make any use of said confidential information except in connection with the above-captioned litigation and shall further agree not to deliver or transfer said confidential information to any person not previously authorized by the terms herein.

8.      Counsel disclosing confidential information to any person or entity shall be responsible for limiting distribution of the confidential information to those persons who both (1) have a need to know the information and (2) are authorized to receive the information under this Protective Order.  Counsel shall be prepared to account for the disposition and use of the information under this Protective Order.

9.      All copies of confidential information disclosed under this agreement shall be subject to the same restrictions as imposed on the original information.

10.     All documents, materials, and information designated as confidential and disclosed to any person pursuant to this Protective Order shall remain in the possession only of plaintiff's attorney or the experts or consultants to whom they are disclosed as provided by the Protective Order.  Plaintiff may not retain any documents, materials, or information designated as confidential pursuant to this Protective Order after the conclusion of this litigation or the trial of this case, whichever comes first.

STIPULATED PROTECTIVE ORDER - 3

11.    Upon completion of this litigation, all documents and materials designated confidential and all copies thereof, shall be returned to Defendants by Plaintiff's attorneys.

12.    Documents, materials, and information designated as confidential pursuant to this Order may be disclosed in regular proceedings of this Court, subject to approval by defendant's attorneys or by the following method in absence of approvals:  If the documents, materials, or information designated confidential are made exhibits in this case or are incorporated into any pleadings or documents filed on behalf of plaintiff with the Court, such exhibits or pleadings shall be (a) bound separately and (b) placed in a sealed envelope or other appropriately sealed contained on which shall be endorsed:

> This envelope is sealed pursuant to the Stipulated Protective Order, dated _____, 2008, and contained confidential information filed in these proceedings.  It is not to be opened or the contents thereof displayed or revealed except to the court and persons authorized by the court.

If the designated Confidential Information appears in any transcription filed with the Court, such transcription shall be (a) bound separately, and (b) placed in a sealed envelope or other appropriately sealed container which bears the foregoing endorsement.

13.    No confidential documents, materials, or information shall be used at trial, except as provided by further order of the Court.  Any party may apply to this Court for additional protection regarding any discovery in this case.

14.    No modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the Court. The parties hereto agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

15.    The failure to insist upon full compliance with any of the terms of the Protective Order in any instance shall not be deemed to be a waiver of the right to insist upon full compliance with those terms thereafter.

STIPULATED PROTECTIVE ORDER - 4

16.     By executing this Protective Order, the parties and their respective counsel certify that prior to the disclosure of any confidential information as provided herein, the proposed recipient of the information will be first provided a copy of this Protective Order and required to execute a verification in the form attached hereto as Exhibit  A.

17.     A conformed copy of the Protective Order shall be provided to plaintiff, who shall sign and date it, acknowledging that she has read and understood the terms and agrees to be bound by the terms of this Protective Order. The signed copy shall be provided to defendant's attorney.

DONE IN OPEN COURT this ___30th___day of ___September_____, 2008.


s/ Fred Van Sickle
_____
The Honorable Fred Van Sickle
United States District Court Judge
Eastern District of Washington

STIPULATED PROTECTIVE ORDER - 5